(30 Misc. Rep. 540.)

BROWN v. SNYDER.

(Supreme Court, Trial Term, New York County. February, 1900.)

1. VERDICT—CONFLICTING EVIDENCE.
    Where the evidence is conflicting, the verdict of the jury on a ques-
    tion of fact is conclusive.
2. BROKERS—NEGOTIABLE RELATIONS—PURCHASE AND SALE—CONSUMMATION OF
    CONTRACT.
    Plaintiff contracted to bring defendant into negotiable relations with
    another holding competing interests, for a consideration, to be paid wheth-
    er defendant bought the property of such person or sold to him, and in-
    troduced defendant to such person, and negotiations were begun between
    them. Such competing interests were thereafter consolidated through ne-
    gotiations carried on by others than plaintiff. *Held*, that such contract
    called for complete ownership of such hostile interests by one of the
    parties to the exclusion of the other.

Action by Ernest C. Brown against Robert M. Snyder. Motion by
defendant to set aside verdict. Granted.

Charles E. Lydecker, for plaintiff.
Davies, Stone & Auerbach (Herbert Barry, of counsel), for defend-
ant.

RUSSELL, J. The plaintiff recovered a verdict for $11,596.66 for
services rendered defendant in respect to the sale of the defendant's
interest in a gas company at Kansas City, Mo. The defendant moves
to set aside the verdict as against the weight of evidence, and upon
exceptions. The defendant was interested in a new company in
Kansas City, called the Missouri Gas Company. Randall Morgan, of
Philadelphia, was also interested in a new company, called the Kansas
City Gas Company. By negotiations which were carried on and con-
summated through the efforts of others than the plaintiff, these two
gas companies were consolidated into a company called the Kansas
City Missouri Gas Company, about the 1st of April, 1897. In this
consolidated company the interests of the defendant and Randall
Morgan in the two former companies were merged. The plaintiff does
not claim that his efforts brought about this consolidation, except so
far as he paved the way to the ultimate result by the performance of
the contract he claims to have made with the defendant. The plain-
tiff is the editor of a journal in New York City devoted to the gas
interests, and, as a matter of course, kept constantly a keen attention
upon the transfer and springing up of large interests connected with
gas enterprises throughout the country. He did this, not only for
the maintenance of the influence of his journal, and the emoluments
derived from advertising and subscriptions, but also as a negotiator
for the sale and purchase of interests in such companies for compen-
sation, either agreed upon or paid as remuneration for voluntary
effort. The contract which he claims to have made with the de-
fendant was that he should introduce the defendant into such friendly
relations with Morgan and his associates, so that, "if he succeeded
in effecting the purchase of the old company's property, he would pay

me the sum of $10,000." On cross-examination he testified that the proposition was:

"Well, if you bring me negotiation relations, so that I am on good footing with the United Gas Company people, with whom I am not acquainted, I will pay you the sum of $10,000, whether I sell my plant to the old company, or whether I buy theirs."

This old company referred to was the Kansas City Gas & Coke Company controlled by Randall Morgan, whose charter was about to expire, and in consequence Morgan had organized the Kansas City Gas Company, referred to.

The verdict of the jury upon the contested question as to whether the contract was actually made between the parties is conclusive upon the fact. That verdict is also conclusive as a finding that the plaintiff did introduce the defendant to Morgan and his associates, and that negotiations were begun between the owners of the competing interests. The evidence is somewhat vague as to whether that introduction or the efforts of the plaintiff did tend to a consummation of the arrangement finally entered into between Morgan and defendant. The contract of defendant with plaintiff was made in August, 1895. The consolidation of interests between Morgan and defendant was not effected until more than one year and a half later, and the activities of the plaintiff in the meantime do not appear to have been much of a promoting cause for the final arrangement. Assuming, however, that the contract of the plaintiff with the defendant, as found by the verdict, called for only that friendly introduction establishing pleasant relations between the gas company owners, the effect of which did not evaporate away and become infinitesimal by the frictions of the subsequent negotiations between these owners and their mutual efforts, usual in the exercise of respective intelligences in such cases to obtain pecuniary advantage of each other, the question remains whether the consummation was that which the contract between plaintiff and defendant called for as the result upon which the plaintiff was entitled to compensation. The task to be performed by the plaintiff for the defendant was somewhat of a narrow service, and the realizing benefit must have occurred in order to justify the recovery of a large sum for such service. Under the evidence, that realization was to have been a sale by Morgan and associates to defendant and associates, or a purchase by the former from the latter. This meant an undivided control and ownership by one of the hostile interests, to the future exclusion of the other. Instead, however, of this result after long months of negotiation and consideration of tentative plans variously urged, the finality came in the shape of a consolidation of interests by which each side retained its proportionate share in the new consolidated company. To effect this result, mutual concessions had to be made, and neither side could thenceforth claim an unmodified control of gas interests at Kansas City. Hence it was neither a purchase nor a sale on the part of the defendant, and he did not obtain either the ownership of the gas plants at that city, or freedom from the responsibility of such ownership, with an equivalent compensation for his transfer.

Therefore I have come to the conclusion that the finding of the jury

that the expectation of the contract between plaintiff and defendant was realized was erroneous, and their verdict must be set aside. I am also inclined to the belief that if, after the close of the evidence at the trial, when the defendant's version had been heard, the counsel for defendant had moved for a dismissal of the complaint, or a direction for a verdict in defendant's favor, the court should have ruled that the evidence was insufficient to establish the defendant's liability. As the defendant's counsel now asks the court to set aside the verdict as against the weight of evidence, and the court is of the opinion that such a motion should be granted, it is perhaps fair to impose as a condition the payment of a trial fee and the trial disbursements. It is so ordered. Ordered accordingly.